## WILSON *v.* EVERETT.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

No. 268.   Argued and submitted March 26, 1891.—Decided April 13, 1891.

Instructions to a jury upheld, where they could not have prejudiced the party complaining.

On a writ of error, this court cannot review any error committed by a jury in finding an amount of damages; nor take cognizance of a complaint that a motion for a new trial was overruled, or that the verdict of the jury was contrary to law and not warranted by the testimony.

As the writ of error was sued out merely for delay, this court awarded 10 per cent damages on the amount of the judgment, in addition to interest.

THE case is stated in the opinion.

*Mr. J. M. Patterson* and *Mr. C. S. Thomas* for plaintiff in error, submitted on their brief.

*Mr. R. T. McNeal* (with whom was *Mr. E. T. Wells* on the brief) for defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action at law, brought in the Circuit Court of the United States for the District of Colorado, by William S. Everett and James M. Robinson, against William J. Wilson, to recover the sum of $65,000, for alleged services performed

by the plaintiffs at the request of the defendant, between June 1, 1883, and November 1, 1885, in and about the sale of certain lands and personal property.

The bill of particulars alleged that the services were rendered at the request of the defendant in and about negotiating a sale by him to the New United States Cattle Ranch Company, Limited, of London, England, of the Circle Ranch, located on the Republican River and its tributaries, in the States of Colorado, Kansas and Nebraska, with the appurtenances and the cattle and horses which were, on or about December 14, 1883, upon the range belonging to or connected with the said Circle Ranch, and the buildings and dwellings, and certain personal property belonging to or connected with the ranch, and the water rights and other rights and privileges pertaining thereto.

A supplemental bill of particulars averred that the services were rendered under an oral employment of the plaintiffs by the defendant, by which they were to receive for their commissions, in the first instance, $5000, and all that the property should sell for over $225,000; that this employment was made some time in the summer or fall of 1883, and reiterated and renewed in Chicago about February, 1884; that, by a subsequent arrangement, the defendant agreed to pay the further sum of $10,000; that the services were rendered and negotiations were carried on, partly by letter, partly by telegram and partly orally through agents of the plaintiffs in London, England; that it was impossible to state the time consumed in such correspondence and negotiations; that the same took place at intervals between the time of the first employment and the conclusion of the sale in the spring of 1884; that the plaintiff Everett made one trip from Chicago to Denver, in December, 1883, occupying about two weeks, the purpose of which was to confer with the defendant and settle and adjust the terms of an agreement to be executed by the defendant and to be submitted to the proposed purchaser; that both of the plaintiffs made another trip to Denver, in February, 1884, remaining three weeks or thereabouts; that there were oral negotiations between the plaintiffs and the agents of the purchaser, both in Chicago and in Colorado, which extended over.

several weeks; and that the number of hours or days consumed, or the number of hours or days consumed in the negotiations in London, could not be stated.

The answer of the defendant denied the allegations made. Before the trial, the plaintiff Robinson died, and the cause proceeded in the name of Everett as survivor, and was tried by a jury, which rendered a verdict for the plaintiff, on the 21st of January, 1887, for $10,000.

On the next day, in the same term, the jurors being all present and in the jury-box, the following interrogatory, presented by the plaintiff, was asked by the court of them: "Did you include in your verdict the plaintiff's claim for any excess over the sum of $225,000, denominated in the evidence the surplus or profits?" To this the jurors by their foreman answered: "Our understanding is that Mr. Wilson never received anything in excess of $225,000." It was ordered by the court that this question and the answer thereto be entered of record in connection with the verdict of the jury, for further consideration as occasion might arise. The defendant moved for a new trial, which motion was denied; and a judgment was entered for the plaintiff for $10,000 and costs, to review which the defendant has brought a writ of error.

The defendant specifies four parts of the charge of the court to the jury, to which he excepted and of which he complains. His principal contention is, that the plaintiff ought not to have recovered more than $5000, and that the allowance by the jury of more than that sum arose from the alleged erroneous instructions excepted to.

The first alleged error is in giving the following instruction to the jury: "Now, with such an arrangement as this, obviously if it was carried out upon those terms, it was going to be a question of some importance as to who was to wait for the deferred payments — if the plaintiffs were to wait, or the defendant, Mr. Wilson, and whether Mr. Wilson would be responsible directly to the plaintiffs for this money, or whether he was only to stand in the relation of a sort of trustee for them, and to give them the money whenever he should get it from the English company; and, so far as I can

see in the evidence, there is nothing very explicit upon that subject, as to any understanding or agreement between them, unless it may be what occurred in Chicago in February, 1884, about the time these parties were coming over to look at the property."

The instruction so complained of contains no proposition of law, and merely calls the jury's attention to the matter of fact in controversy, and to the absence of anything explicit in the evidence on the subject. This instruction could have worked no prejudice to the defendant, because the amount of the verdict shows that the jury did not allow any part of the plaintiff's claim based on a sale for an amount in excess of $225,000, and their answer to the special inquiry of the court also shows that they failed to do so. The contention of the defendant that he never received anything in excess of $225,000, therefore, was adopted by the jury. Furthermore, the court subsequently instructed the jury that, if there was any sum to be paid after the defendant should have received $225,000, and only any such amount over that sum as he should receive, he could not be liable for that, because he had not yet received it.

The next alleged error is in the following instruction to the jury: "I think Mr. Everett says that then there was an express understanding he was not only to have fifty thousand dollars, which was in the understanding and agreement of the parties up to that time, but that he was to have ten thousand more, and five thousand more, making sixty-five thousand in all, and that this was all to be paid by Mr. Wilson if the contract should go on. I believe Mr. Wilson denies this." This is only a correct statement of what the respective parties claimed, as the court understood the case, and there was no intimation by it as to whether one claim or the other was sustained by the evidence. The court further on, at the request of the defendant, stated to the jury that the weight of the evidence, as to whether one witness or another should be accepted, was for their consideration, and said: "The force and strength of the evidence is entirely as it shall stand with you and affect your judgment."

The third alleged error is that the court instructed the jury as follows: "Now, the question is what you can gather from all that took place between them in the way of an agreement on the part of Mr. Wilson to pay these parties for their services. Was there any agreement to pay them for their services; and, if so, how much and when was he to pay — upon the completion of these contracts, after they were executed — some part — and, if so, how much, and more, if it should be received from the English company; and, if so, how much? If his liability was contingent upon receiving the money from the English company it must be said that he has not received it — that is to say, parties have paid in money only the sixty-three thousand eight hundred and fifty dollars and some twenty-odd thousand dollars received from the sale of cattle, which is to be counted as payment, and then what was got under the sale of the chattel mortgage." We perceive no error in this instruction.

The fourth alleged error is in instructing the jury as follows: "If there was another and a different sum and a larger sum ɔ be paid only when it should be received from the English company in excess of the sum of two hundred and twenty-five thousand dollars, then he cannot be liable for that, because he has not received that sum from the English company. I think that ought to make plain to you the grounds upon which you ought to proceed in arriving at a verdict in this case. If you find from the evidence that any sum was due to these plaintiffs upon the completion of this contract with this company — and by its completion I mean when it was executed and the property was passed over, and so on, delivered to the English company — then the plaintiffs are entitled to that. If there was any sum to be paid after Mr. Wilson should have received two hundred and twenty-five thousand dollars, and only any such amount over that sum as he should receive from the English company, then he cannot be liable for that, because he has not yet received it." We cannot see any error in this instruction.

All the instructions complained of in these assignments of error, except the second, involve only the matter of the surplus

over $225,000, and, as it clearly appears that that portion of the plaintiff's claim was disallowed, there could have been no prejudice to the defendant.

The principal ground of complaint by the defendant seems to be that the jury had no basis for finding a verdict for $10,000, but that their verdict should have been for either $5000 or $15,000. But this was a question to be reached only through a motion for a new trial ; and we cannot, on this writ of error, review any error committed in that respect by the jury, if there were one. Nor can we take cognizance of the complaint that the court overruled the motion for a new trial, or that the verdict of the jury was contrary to law and not warranted by the testimony. The case was fairly submitted to the jury, and the issues involved were passed upon by them.

As a supersedeas bond was given in this case, and thus the writ of error has delayed the proceedings on the judgment, and as it appears to us to have been sued out merely for delay, we award damages on the amount of the judgment at the rate of ten per centum, in addition to interest. Rev. Stat. § 1010 ; Rule 23, subd. 2 ; *Amory* v. *Amory*, 91 U. S. 356.

*Judgment affirmed, with 10 per cent damages, in addition to interest.*