J. W. BISHOP CO. v. SHELHORSE, Sheriff.

(Circuit Court of Appeals, Fourth Circuit, November 9, 1905.)

No. 592.

1. PLEADING—DUPLICITY.
 Under the Virginia practice, it is not an objection to a declaration in an action for wrongful death or a personal injury that it alleges in a single count separate and distinct acts of negligence on the part of defendant, either one of which alone would constitute a sufficient ground for the action, but which may have been concurrent causes that together produced the injury.
 [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 135.]

2. SAME—DEMURRER.
 Under the Virginia practice, a declaration is not demurrable for duplicity.
 [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 434.]

3. TRIAL—REMARKS OF JUDGE—SUGGESTING AMENDMENT OF PLEADING.
 It was not improper for a trial judge to suggest to a plaintiff the adding of another count to his declaration, setting forth with more clearness and detail matters covered by a general averment, the effect of which would be merely to divide his causes of action and present them in separate counts.

4. SAME—DIRECTION OF VERDICT.
 A request for the direction of a verdict for defendant in an action for wrongful death was properly refused, where the declaration stated a cause of action and the evidence on the material issues of fact was conflicting.
 [Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 342.]

5. WRIT OF ERROR—MATTERS REVIEWABLE—RULING ON MOTION FOR NEW TRIAL.
 In the federal courts, the ruling of a trial court on a motion to set aside a verdict and grant a new trial is not subject to review.
 [Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3860.]

6. SAME—QUESTIONS OF FACT.
 On a writ of error, the appellate court cannot review questions of fact, or determine the weight to be given to evidence which was properly admitted.
 [Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 3928-3934.]

In Error to the Circuit Court of the United States for the Western District of Virginia, at Danville.

Green, Withers & Green, for plaintiff in error.

Cabell & Custer and George C. Cabell, Jr., for defendant in error.

Before PRITCHARD, Circuit Judge, and PURNELL and WADDILL, District Judges.

WADDILL, District Judge. This is an action of trespass on the case, brought by the defendant in error against the plaintiff in error to recover damages arising from the death of the intestate of the defendant in error, who lost his life while in the employ of the plaintiff in error, through the alleged negligence of the latter.

The plaintiff in error, a corporation chartered under the laws of Rhode Island, was engaged in building a dam across the Dan river, just opposite the city of Danville, in the county of Pittsylvania, for the Dan River Power & Manufacturing Co., a corporation engaged in manufacturing cotton upon a large scale; a part of said work was the construction of a "concrete dam," and work was begun on both the north and south sides of the river about the same time. As it progressed on the south side, and extended from the bank out into the river bed, it became necessary to construct a certain platform, tables, etc., to be used for storing sand, rock, cement, and other material for use in concreting, which were constructed by the plaintiff in error under the direction of its superintendent and chief engineer. On the morning of the 18th of September, 1903, while the plaintiff's intestate was engaged at work upon the platform thus constructed, it gave way, and he was thrown into the river below and lost his life. The plaintiff below based his case upon the alleged negligence of the defendant in (1) having and maintaining an insufficient and unsafe structure for the purpose of the business in hand; (2) for using insufficient, defective, old, rotten, and inadequate timbers in the construction of said platform; and (3) in having an unfit and improper employé, one Monaghan, as foreman and boss in charge of the work in which said intestate was engaged at the time he lost his life. The plaintiff in error, having interposed its demurrer to the original and several amended declarations, pleaded not guilty, on which issue was joined, and a jury was impaneled on this issue, and rendered a verdict in favor of the defendant in error, upon which judgment was duly entered; and this writ of error was sued out by the plaintiff in error.

1. Three of the assignments of error relate to the action of the lower court in overruling the defendant's demurrer to the amended declaration, as well as to two additional amendments thereto, and also to the action of the court in suggesting to the counsel for the plaintiff the propriety of adding a new count to the declaration. Assuming the objections sought to be interposed to this declaration as amended can be made by demurrer in the federal court, said objections being merely for matters of duplicity in pleading, they seem to be clearly without foundation, either as respects the amended declaration or either of the subsequent amendments thereto. The demurrer was sustained to the original declaration, and the plaintiff filed what is

treated in the record as the amended declaration, to which he subsequently filed first and second amendments. The amended declaration sets forth the plaintiff's cause of action in a single count, namely, the failure of the defendant to furnish the plaintiff's intestate with a reasonably safe and suitable platform or structure on which to perform the duties required of him; the failure properly to construct such platform and structure of safe and suitable material; and to employ a reasonably competent foreman or boss to direct the work in hand. The first amendment sets forth this same cause of action in three different counts, and the second amendment by adding another count, which amplified the second count in the first amendment to the amended declaration, relative to the character of the materials used in and about the construction of said platform; and it was as to suggesting the addition of the last named count that the criticism was made specially of the action of the lower court. This declaration, whether treating the acts of negligence as set forth in the single count, or in the several counts as shown in the two last-named amendments, seems to us clearly sufficient to convey to the defendant full knowledge as to what the plaintiff's cause of action was; and we see no merit in its assignment of error thereto. The gravamen of the case was the negligence that caused the plaintiff's intestate to lose his life, and there is no good reason that we can conceive of why the averment as to the insecurity of the structure and defective material of which it was built, and the fact of the improper foreman giving directions for its use should not be set forth all in a single count, as was done in the amended declaration in this case; the plaintiff averring the knowledge of the defendant as to the existence of such conditions, and his ignorance respecting the same. Nor was it necessary to give the precise name of the alleged incompetent employé, when by the descriptive term of the declaration, namely, "reasonably safe, careful, cautious and competent officer, foreman and manager," the defendant was necessarily advised as to whom the complaint was directed. The first amendment to the amended declaration in three separate counts sets up in greater detail the plaintiff's cause of action, and it was upon this last-named amendment that the fourth count was added, at the suggestion of the judge; and the declaration as amended, with its several counts, on which the parties went to trial, was undoubtedly free from fault. The fourth count, added at the judge's suggestion, did not in any sense change the original cause of action, but amplified the same. Under the Virginia practice, the defendant clearly could not interpose the objections sought to be made here by demurrer, as it would be for mere duplicity in pleading at most, and could at common law have been availed of only by special demurrer, which has been abolished in Virginia by statute. Code Va. 1887, § 3272 [Va. Code 1904, p. 1722] Norfolk & Western R. R. Co. v. Ampey, 93 Va. 108, 122, 25 S. E. 226, and cases there cited. This decision will be found of interest, as well upon the question of the sufficiency of this declaration, as upon the right to raise the question indicated by the demurrer. Judge Riely, speaking for the court (on page 121 of 93 Va., page 227 of 25 S. E.) says:

"The main objection to the declaration relates to the first count, and the foundation of the objection is that this count alleges three distinct grounds of negligence as the cause of the injury sustained by the plaintiff, either of which would of itself, independently of the others, constitute a sufficient ground for the action. In other words, the claim is that the count is bad for duplicity. The grounds so stated are, the negligence of the defendant in failing to exercise due care in selecting competent servants, in failing to provide a sufficient number of train hands, and in failing to supply and maintain suitable and safe machinery and instrumentalities for the conduct of the business of the defendant. They are conjunctively alleged as concurrent causes, which, co-operating together, produced the injury. It is very questionable whether this constitutes duplicity. It is stated by eminent text-writers on the subject of pleading, that no matters, however multifarious, will operate to make a pleading double that together, constitute but one connected proposition or entire point. Stephen on Pleading, 232-3, 263; 4 Minor's Inst. pt. 2, p. 927; and Va. F. & M. I. Co. v. Saunders, 86 Va. 969, 11 S. E. 794. But, even if this count was obnoxious to the charge of duplicity, the fault could not be taken advantage of on a general demurrer."

This court will follow the state practice, as well in the matter of the sufficiency of the declaration and the statement of the several causes of action relating to an injury arising from a single occurrence in one and the same count (Roberts v. Lewis, 144 U. S. 653, 12 Sup. Ct. 781, 36 L. Ed. 579; Bank v. Lowry, 93 U. S. 72, 23 L. Ed. 806; Cooke v. Avery, 147 U. S. 375, 13 Sup. Ct. 340, 37 L. Ed. 209), as in the manner and method of making such defense (Burley v. German Am. Bank, 111 U. S. 216, 4 Sup. Ct. 341, 28 L. Ed. 406; Dabney's Fed. Juris. & Law Procedure, §§ 117, 118).

The action of the trial judge in suggesting the additional fourth count to this declaration was clearly free from objection, and the defendant was in no manner prejudiced thereby. A judge might, of course, abuse his discretion in respect to the amendment of pleadings, by making suggestions in a way that would indicate that he was a partisan of one side or the other, or that he was in some way prejudiced in the case; but there is no such suggestion here. What the judge did was harmless. The suggestion was to more clearly set forth the plaintiff's cause of action, which, in our view, independent of such suggestion, had already been sufficiently averred. It was made to counsel in the absence of the jury, and no injury resulted therefrom to the defendant. The judge doubted whether the second count in the declaration set forth with sufficient clearness the charge to furnish proper material for the construction of the platform in question, though it sought to make such averments, as also the fact of the failure to furnish the proper appliances, and he suggested, to remove the question of possible duplicity in the declaration, that another count be added, treating the second count as one for the failure to furnish safe and proper appliances, and the fourth or new count to cover the question of the failure to use suitable material in its construction. In 1 Va. Law Reg. 385, it is intimated that a motion to strike out one of these causes of action, where two are averred in a single count, is the proper remedy; and 5 Robinson's Prac. (New Ed.) 305, says that the proper course is for the court to direct the pleader to divide his causes of action, and present them in several counts. That is what the judge did, his idea being to get

at the merits of the controversy, and his action was proper and free from criticism. In Wiggins Ferry Co. v. O. & M. Ry. Co., 142 U. S. 396, 405, 12 Sup. Ct: 188, 35 L. Ed. 1055, Mr. Justice Brown, speaking for the Supreme Court, said:

"Rules of pleading are made for the attainment of substantial justice, and are to be construed so as to harmonize with it if possible. A mistaken view of one's rights or remedies should not be permitted wholly to defeat a claim founded upon principles of equity and justice, and if the pleadings can be so amended as to admit proof of such claim, and such amendment does not introduce a new cause of action, though it may set up a new measure of damages, or work a real hardship to the party defendant, it is within the discretion even of the appellate court to permit such amendment to be made." Schooner Anne v. United States, 7 Cranch, 570, 3 L. Ed. 442.

2. The next assignment of error relates to the refusal of the court to give certain instructions offered by the plaintiff in error, and rejected by the court, and to the giving of those contained in the court's charge. The defendant's first instruction requested the court to instruct a verdict for the defendant, which the court refused. This is a usual motion in federal practice, and one that is quite frequently resorted to, resulting in the saving of time to the court and litigants, and much expense; but in our judgment it would have been clearly error for the court below to have adopted this method of disposing of this case. Upon every material issue, the conflict in the evidence was sharply drawn. In a word, the plaintiff insisted that the defendant failed to furnish a reasonably safe place, constructed of suitable and sound material, upon which his intestate was to work in the discharge of the duty required of him; that said platform was improperly constructed; that the defendant knew it was not suitable, and the materials used in its construction unsound; that Monaghan, under whom the plaintiff's intestate worked, was not a competent and careful boss or foreman; and that these facts were known, or should have been known, to the plaintiff in error. A large number of witnesses were examined, pro and con, on these questions, much the larger number on every point being examined by the plaintiff; and the jury, upon seeing and hearing these witnesses, were the proper judges to pass upon the question of fact at issue between the parties, and the proper weight to be given to such evidence, as well as upon the conflict between the witnesses themselves. It was not a case, therefore, to be taken from the jury. It is only in cases where there is either no evidence, or clearly insufficient evidence, upon which to base a verdict, that the judge should exercise his prerogative to instruct a verdict for one side or the other. And in this case, where the negligence consisted of the failure of the master to properly perform its duty respecting nonassignable obligations imposed upon it by law touching the servant, the case should clearly have been left to the jury, as was done. D., L. & W. R. R. Co. v. Converse, 139 U. S. 469, 11 Sup. Ct. 569, 35 L. Ed. 213; Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485; Tex. & Pac. R. R. Co. v. Cox, 145 U. S. 593, 606, 12 Sup. Ct. 905, 36 L. Ed. 829; Tex. & Pac. Ry. Co. v. Gentry, 163 U. S. 353, 368, 16 Sup. Ct. 1104, 41 L. Ed. 186.

The assignment of errors respecting the other instructions offered

by the plaintiff in error, and refused by the court, have been carefully considered in connection with the instructions as given by the court, and, without discussing the same severally and in detail, the conclusion reached is that the court's instructions fully and fairly submitted the case to the jury, and that there was no error in its action, either in the charge it gave or in rejecting the several instructions asked by the plaintiff in error. The instructions as given clearly covered the case, and substantially embraced what was asked for by the plaintiff in error, so far as the evidence justified the same. The plaintiff in error has no just cause of complaint, and was in no manner prejudiced by the court's action in giving and refusing instructions.

3. The next assignment of error relates to the refusal of the court to set aside the verdict of the jury and grant a new trial, because the verdict was contrary to the law and the evidence. The action of the trial court in granting or refusing to set aside a verdict is not subject to review in this court, being a matter within the discretion of the lower court, and this assignment is therefore not well taken. Mo. Pac. R. R. Co. v. C. & A. R. R. Co., 132 U. S. 191, 10 Sup. Ct. 65, 33 L. Ed. 309; Wilson v. Everett, 139 U. S. 616, 621, 11 Sup. Ct. 664, 35 L. Ed. 286; Van Stone v. Stillwell & Bierce Mfg. Co., 142 U. S. 128, 134, 12 Sup. Ct. 181, 35 L. Ed. 961; Addington v. United States, 165 U. S. 184, 17 Sup. Ct. 288, 41 L. Ed. 679.

4. Upon the whole case, we cannot perceive that the plaintiff in error was in any manner prejudiced by any of the rulings of the court below, in the trial of this case. As was said by Mr. Justice Lamar, in Ætna Life Insurance Co. v. Ward, 140 U. S. 76, 91, 11 Sup. Ct. 720, 35 L. Ed. 371:

"It may be that, if we were to usurp the functions of the jury and determine the weight to be given to the evidence, we might arrive at a different conclusion. But that is not our province on a writ of error. In such a case we are confined to the consideration of the exceptions taken at the trial, to the admission or rejection of evidence, and to the charge of the court and its refusal to charge. We have no concern with questions of fact, or the weight to be given to the evidence which was properly admitted"—citing Minor v. Tillotson, 2 How. 392, 393, 11 L. Ed. 312; Keller's Lessee v. Eckert, 4 How. 289, 11 L. Ed. 979; Dirst v. Morris, 14 Wall. 484, 490, 20 L. Ed. 722; Prentice v. Zane, 8 How. 470, 485, 12 L. Ed. 1160; Wilson v. Everett, 139 U. S. 616, 11 Sup. Ct. 664, 35 L. Ed. 286.

The judgment of the lower court will be affirmed.