# WASHINGTON RAILWAY & ELECTRIC COMPANY
## v. UPPERMAN.

RAILROADS; NEGLIGENCE; INSTRUCTIONS; LAST CLEAR CHANCE; RIGHT OF
WAY; EXCESSIVE VERDICT; APPEAL AND ERROR.

1. A prayer on behalf of the plaintiff, in an action for the death of his
   intestate from being struck by a street car, to the effect that if
   the motorman failed to sound his gong and the circumstances were
   such·that ordinary prudence demanded it, or failed to have his car
   under proper control, and the accident resulted from such negli-
   gence, without negligence on the plaintiff's part, the jury should
   find for plaintiff, is within the pleadings and the evidence, where
   the declaration charges, among other things, that defendant's agents
   and employees failed to maintain a proper lookout to avoid injury
   to the plaintiff's intestate, and failed to sound a gong or other signal
   to apprise him of his danger, and there was proof that the motorman
   was not attending to the proper control of the car when the accident
   occurred.

2. Where counsel for defendant, by requesting and receiving an instruc-
   tion on the doctrine of the last clear chance, adopts such theory of
   the case, he is estopped to object to its being properly presented to
   the jury. (Citing *Washington R. & Electric Co.* v. *Clarke*, 46 App.
   D. C. 88.)

3. The preferential right of way of a street car company over its tracks
   is limited to a lawful and prudent operation of its cars.   (Follow-
   ing *Capital Traction Co.* v. *Apple*, 34 App. D. C. 559.)

4. A prayer for an instruction that a street railway has a preferential
   right of way over its tracks, and its employees have a right to
   assume that this right will be respected until the contrary is indi-

---

NOTE.—On application of doctrine of last clear chance in case of imputed
negligence, see note in 26 L.R.A.(N.S.) 309.

For authorities passing on the question as to whether one is guilty of
contributory negligence, as a matter of law, in walking with due care
upon a street railway track laid in a public street, see note in 9 L.R.A.
(N.S.) 244.

The question of duty to look and listen before crossing tracks of an
electric road is discussed in notes in 15 L.R.A.(N.S.) 254, and 23 L.R.A.
(N.S.) 1224.

cated, is properly rejected where there is evidence of a negligent operation of a car at the time of an accident.

5. Prayers for instructions are properly refused where the points have been amply covered in other prayers granted.

6. A prayer in respect of contributory negligence, basing the negligence of plaintiff's intestate upon the fact of his going on the defendant's tracks without effectually looking or attempting to look or listen, is defective where there was no evidence that he failed to look or listen.

7. A prayer on behalf of defendant as to concurring negligence which leaves out the question of last clear chance is defective, where the issue of last clear chance has been brought into the case by counsel for defendant himself.

8. Refusal to set aside a verdict on motion for a new trial will not be reviewed on appeal. (Citing *Columbia R. Co.* v. *Cruit*, 20 App. D. C. 521; *Woods* v. *Richmond & D. R. Co.* 1 App. D. C. 165; and *District of Columbia* v. *Wilcox*, 4 App. D. C. 90.)

9. It is not within the province of this court to reverse a judgment for the reason that the verdict is excessive. (Citing *American Secur. & T. Co.* v. *Kaveney*, 39 App. D. C. 223.)

10. *Quære*, whether an appellate court may review a refusal of a trial court to set aside an excessive verdict, in case of a gross abuse of its discretion.

No. 3054.   Submitted November 8, 1917.   Decided January 7, 1918.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia on verdict in an action to recover damages for the death of plaintiff's intestate.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This suit was brought in the supreme court of the District of Columbia by appellee, Samuel K. Upperman, plaintiff below, to recover damages for the death of his father, Horace W. Upperman, who was struck and killed by one of defendant company's cars while crossing defendant's tracks at the intersection of Ninth and E streets, northwest, in this city. From a verdict and judgment in favor of plaintiff, the case comes here on appeal.

*Mr. John S. Barbour,* for the appellant:

1. Was there credible testimony that the defendant was guilty of negligence in any of the particulars alleged in the declaration?

(D. C.) "The testimony of one in a position to hear or see a thing if it had occurred, and who might, under all the circumstances, with the same degree of reason have heard or seen it in that event, is not so strong or so satisfactory as that of one who says that he did hear or see it." *Le Cointe* v. *United States,* 7 App. D. C. 21.

(D. C.) "The law is, that positive testimony uncontradicted, and not inherently improbable, is prima facie evidence of the fact which it seeks to establish, and the jury is not at liberty to disregard it." *Brown* v. *Peterson,* 25 App. D. C. 359, 363, citing a number of United States Supreme Court cases.

(Md.) Testimony of witnesses that they did not hear the bell of an engine ring as it approached a crossing is not of such probative value as positive affirmative evidence that it was so rung. *Northern C. R. Co.* v. *State,* 100 Md. 404, 108 Am. St. Rep. 439, 60 Atl. 19.

(Md.) The affirmative testimony of one credible witness as to a fact in issue must outweigh a dozen equally credible witnesses whose testimony is merely negative. *Longley* v. *McGeoch,* 80 Atl. 843.

(U. S.) Statements of witnesses that they did not hear sounds are negative testimony and must be weighed with caution. *Long Island R. Co.* v. *Darnell,* 136 C. C. A. 1, 221 Fed. 191.

(La.) "In the analysis and construction of testimony, it is elementary that, all other things being equal, positive testimony on a given point must always predominate over negative testimony on the same point." *Guesnard* v. *Bird,* 33 La. Ann. 799.

(Del.) Testimony of witnesses that they heard the bell of an electric car ringing as it approached a crossing is of more weight than the testimony of others who say that they did not hear it

ring.  *While* v. *Wilmington City R. Co.* 6 Penn. (Del.) 105,
63 Atl. 931.

(Ga.) The affirmative and positive testimony of witnesses
as to the actual facts of a particular occurrence cannot be over-
come by testimony which is negative in character, or consists
of mere opinions. *Hambright* v. *Western & A. R. Co.* 112 Ga.
36, 37 S. E. 99.

(Idaho) Where witnesses are otherwise equally credible, and
their testimony entitled to equal weight, greater weight and
credit should be given to those who swear affirmatively or posi-
tively to a fact, rather than those who swear negatively or to a
want of recollection. *Idaho Mercantile Co.* v. *Kalanquin,* 8
Idaho, 101, 66 Pac. 933.

(Ill.) The law makes a distinction between what is called
"affirmative testimony" and "negative testimony;" and the rule
is that greater weight should be attached to affirmative than to
negative testimony. *Grabill* v. *Ren,* 110 Ill. App. 570.

2. The decedent's negligence contributed to his injury.

(N. Y.) A person is not at liberty to take even doubtful
chances of being able to cross a street in front of an approach-
ing car, or to assume that the motorman will be successfully
able to stop it. *Harvey* v. *Nassau Electric R. Co.* 35 App. Div.
307, 55 N. Y. Supp. 20.

(N. Y.) While it is the duty of a street car motorman to
have his car under reasonable control on approaching a street
crossing, a pedestrian has no right to assume that, because a car
has slowed up, it will stop, or its speed be so controlled as to
give him time to cross the track in safety. *Thomason* v. *Met.
St. R. Co.* 89 App. Div. 10, 85 N. Y. Supp. 181; *McEntee* v.
*Met. St. R. Co.* 110 App. Div. 673, 97 N. Y. Supp. 476.

(N. Y.) The mere fact that at the time a pedestrian left the
curb he thought he had time to cross ahead of a street car did
not relieve him of the obligation to again look for the car after
he left the curb and before he reached the track.

A pedestrian who, after he leaves the curb and before he
reaches the track, does not again look for a car, is guilty of con-
tributory negligence as a matter of law. *Glynn* v. *New York
City R. Co.* 110 N. Y. Supp. 836.

(N. Y.) A pedestrian in crossing a street railway track was as much bound to look out for her own safety as the motorman of an approaching car was bound to look out for her, and, having seen the car, she should not have stepped upon the track without first ascertaining whether it was safe to do so. *Tully v. New York City R. Co.* 127 App. Div. 688, 111 N. Y. Supp. 919.

(Mo.) It is the duty of a traveler on a public street when approaching a railway crossing, to make a reasonable use of his senses of sight and hearing before entering the sphere of danger to ascertain whether the safety of his passage on the crossing is threatened by approaching cars, and to act with reasonable care to avoid an encounter with present danger. *Percell v. Met. St. R. Co.* 126 Mo. App. 43, 103 S. W. 115.

(Ill.) The failure of a motorman to ring a gong does not confer a cause of action upon one injured, when such a party saw the car approaching a sufficient length of time to enable him to avoid injury. *Elgin, A. & S. Trac. Co. v. Brown,* 129 Ill. App. 62.

(N. Y.) Where deceased was killed by one of the defendant's trolley cars while endeavoring to cross its tracks at a street crossing and to assist his brother across, if his own negligence contributed to placing himself and his brother in a dangerous situation, the fact that he then suddenly attempted to save his brother would not absolve him from contributory negligence. *Miller v. Union R. Co.* 120 App. Div. 876, 105 N. Y. Supp. 1131; *Miller v. Union R. Co.* 191 N. Y. 77, 83 N. E. 583.

(Cal.) Common prudence requires one on a street car track to carefully use his senses of sight and hearing to avoid danger, and that he is absorbed in his immediate business is no excuse for his failure to do so. *Kramm v. Stockton Electric R. Co.* 10 Cal. App. 271, 101 Pac. 914.

(Mo.) The duty of one crossing a street over street car tracks to pay close attention for approaching cars is a continuing duty. *Gordon v. Metropolitan Street R. Co.* 134 S. W. 26.

(Pa.) That a street railroad crossing is an exceedingly dangerous place, and frequented by a great many people, does not justify a pedestrian's carelessness in approaching the crossing

when a car is approaching in full view.  *Underwood* v. *Pittsburgh R. Co.* 238 Pa. 332, 86 Atl. 184.

(Colo.) A pedestrian approaching a street railroad track is bound to look and observe while within some such reasonable distance of the track as will advise him of the proximity of the approaching car, its speed, and the danger of attempting to cross in front of it.  *Denver City Tramway Co.* v. *Gustafson,* 121 Pac. 1015.

(Del.) A pedestrian near street car tracks must use reasonable care to discover and avoid approaching cars, and is negligent if he fails to use his senses so as to avoid injury.  *Riccio* v. *People's R. Co.* 82 Atl. 604.

(La.) Decedent, struck and killed while attempting to pass in front of a street car, held guilty of contributory negligence, so that it was immaterial that the company might also have been negligent in that the motorman failed to obey a rule requiring him to have his car under control 100 feet before reaching the stopping place.  *Wolf* v. *New Orleans R. & Light Co.* 133 La. 891, 63 So. 392.

(Wash.) While one about to cross a street car track is not under an absolute duty to stop, look, and listen, he cannot, with knowledge that a street car is approaching, step heedlessly in front of it, under the assumption that it will not overtake him. *Beeman* v. *Puget Sound Trac. Lt. & Pr. Co.* 139 Pac. 1087.

(Wis.) One traveling along a street railway track is required to give way in due season to an approaching car, whether from the front or rear, and to exercise ordinary care not only to discover the approach of the car, but to turn from the track in time to prevent collision.  *Kowalkowski* v. *Milwaukee Northern R. Co.* 146 N. W. 801.

(Wis.) Due care in approaching a car track can be satisfied only by full use of sight and hearing at last moment or opportunity before passing line between safety and peril.  *Meissner* v. *Southern Wisconsin R. Co.* 160 Wis. 507, 152 N. W. 291.

(Ind.) Failure to look out for street cars by person crossing track is contributory negligence.  *Evansville & S. I. Traction Co.* v. *Williams,* 183 Ind. 633, 109 N. E. 963.

(Pa.) If a pedestrian starts across the street with a car in

full sight, but after one look pays no further attention to it, and goes upon the tracks without any observation as to the position of the car, or its speed, or its distance from him, and is struck and injured, he cannot recover for his injury. *Winter v. Mahoning & S. R. & Light Co.* 61 Pa. Super. Ct. 440.

*Mr. Alvin L. Newmyer, Mr. Simon Lyon,* and *Mr. R. B. H. Lyon,* for appellee:

The credibility of witnesses is for the jury to determine, and not for the appellate court. *Washington A. & Mt. V. R. Co.* v. *Lukens,* 32 App. D. C. 442.

The question of the preponderance of evidence will not be considered on appeal. *Brown* v. *Washington G. R. Co.* 11 App. D. C. 37; *Helphenstein* v. *Downey,* 7 App. D. C. 343; *Barber v. Moore,* 10 App. D. C. 30.

The highest degree of care is required of those in charge of railway cars at points of street intersection. *Metropolitan R. Co.* v. *Hammett,* 13 App. D. C. 370.

The stop, look, and listen rule does not strictly apply at street railway crossings. *City & Suburban R. Co.* v. *Cooper,* 32 App. D. C. 550.

Failure to look and listen before crossing a street railway track at a public street crossing is not as a matter of law negligence *per se. Pilmer* v. *Boise Transp. Co.* 14 Idaho, 327, 15 L.R.A.(N.S.) 254. See also *Reivel* v. *Wheeling Co.* 16 L.R.A. (N.S.) 1123.

An ordinance requiring those in charge of a street car to keep a vigilant watch for persons on or about to cross the track is merely declaratory of the common-law duty of those operating street railways in populous cities. *Shuver* v. *St. Louis Transit Co.* 189 Mo. 107, 5 L.R.A.(N.S.) 186; *Louisville R. Co.* v. *Johnson,* 131 Ky. 277, 20 L.R.A.(N.S.) 133.

One is not guilty of negligence by reason of walking upon street car tracks in a public highway if in the exercise of due care and caution. *Goff* v. *St. Louis Transit Co.* 9 L.R.A.(N.S.) 244.

In the absence of testimony showing how he got upon the

track, there is no presumption that one attempting to cross a
railway crossing failed to look and listen before doing so.
*P. B. & W. R. Co.* v. *Landrigan.* 20 App. D. C. 135, affirmed
in 191 U. S. 461; *D. & P. R. Co.* v. *Carrington.* 3 App. D. C.
101.

Contributory negligence is a question for the jury.   *Conger* v.
*B. & O. R. Co.* 31 App. D. C. 139; *Dashields* v. *Moses,* 35 App.
D. C. 583.

In *Capital Traction Co.* v. *Apple,* 34 App. D. C. 559, cited
by appellant, this court held that failure of a pedestrian to stop,
look, and listen before crossing the tracks of an electric railway
in a city street does not show contributory negligence as a mat-
ter of law; and that it is the duty of the motorman of the street
railway car to keep a diligent lookout ahead so that a car may
be stopped in time, if possible, to avoid injury to a pedestrian
crossing the track, not a regular street intersection.

Where more than one distinct act of negligence is charged
in a declaration in one count, proof of only one of such acts of
negligence is sufficient.   *Sprow* v. *Staples.* 38 App. D. C. 219.

"Where a question is submitted to the jury under instruc-
tions prayed by the defendant he cannot be heard to say in an
appellate court that there is no evidence to warrant such sub-
mission."   *Stevens* v. *Saunders,* 34 App. D. C. 321; *Jackson*
v. *Washington R. Co.* 35 App. D. C. 41; *Capital Traction Co.*
v. *Brown,* 29 App. D. C. 473.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The assignments of error, aside from one based upon the
refusal of the court to instruct a verdict for defendant, which
need not be considered, and another claiming that the amount
of the verdict was excessive, relate to the giving of certain
prayers requested by counsel for plaintiff and the refusal of cer-
tain prayers requested by counsel for defendant.   Objection is
made to the granting of a prayer on behalf of plaintiff to the
effect that, if the motorman failed to sound his gong and the
circumstances were such that ordinary prudence demanded it,
or failed to have his car under proper control and the accident

resulted from such negligence, "without negligence on his (plaintiff's) part," the jury should find for plaintiff. The objection to the prayer urged by counsel is that it injects into the case an element neither within the pleadings nor the evidence. The declaration charges, among other things, that defendant's agents and employees failed to "maintain a proper lookout to avoid injury to said plaintiff's intestate," and failed "to sound a gong or other signal to apprise plaintiff's intestate of his danger." Not only is the prayer within the charge of negligence in the declaration, but there was proof that the motorman was not attending to the proper control of the car when the accident occurred.

The objection by counsel to another prayer granted at the request of plaintiff is that it injects into the case the doctrine of last clear chance. Counsel in his brief says: "The 'last clear chance doctrine' was not put in issue by the pleadings. Nor did the plaintiff attempt to introduce any evidence from which it could even be inferred that the 'last clear chance doctrine' was relied upon, or which would justify a submission of the case to the jury thereunder." This is best answered by a prayer offered by counsel for defendant, and granted, which set up with great particularity the elements tending to bring this case within the rule of last clear chance, and closing with the injunction that "the burden of proving such last clear chance * * * is on the plaintiff." Counsel, having adopted this theory of the case, is estopped to object to its being properly presented to the jury. *Washington R. & Electric Co.* v. *Clarke,* 46 App. D. C. 88.

Error is assigned in the refusal of the court to grant the following prayer requested by defendant: "The court instructs the jury as a matter of law that the defendant had the preferential right of way over its tracks at Ninth and E streets, where the accident which is the subject of this suit occurred, and its employees had the right to assume that this right would be respected, and had the right to act on that assumption until the contrary was indicated by the plaintiff's intestate." The instruction is misleading in that it does not limit the preferential right to a lawful and prudent operation of the cars. Undoubt-

edly, a street car company has a preferential right of way over its tracks, which the public generally is required to respect. But the right has its limitations. The public has a reciprocal right to the use of the streets and to that portion thereof occupied by the railway company's tracks. Having this right, it has the further right to assume that the railway company, or its agents, will not negligently operate its cars. In other words, when a motorman sees a pedestrian or one driving a vehicle approaching the track in front of his car, he has a right to assume that such person will respect the preferential right of the company, and not needlessly expose himself to danger. On the other hand, the person approaching the track has the right to assume that the motorman in charge of the approaching car not only has his car under control, but is operating it in a lawful way, free from any imputation of negligence. The rule is clearly stated by Chief Justice Shepard in *Capital Traction Co.* v. *Apple,* 34 App. D. C. 559, 572, as follows: "A street car company has a preferential right of way over its own tracks, which all persons, under ordinary conditions, must respect. In case of wilful obstructions or hindrances, the law provides a remedy. At the same time, the streets occupied by tracks are open to all proper uses of the people, who are frequently compelled to cross, or to briefly occupy, the tracks in going to and from their homes and about their daily business. The railway company has no exclusive right to the use of the parts of the streets occupied by its tracks. Railway and people alike must exercise their respective rights with due regard to the rights of each other. They must exercise reasonable care, under the circumstances of each particular case." There was no error in refusing the present instruction, as there was evidence of the negligent operation of the car when the accident occurred.

Complaint is made of the refusal of the court to grant two prayers offered by counsel for defendant. It is unnecessary to consider these exceptions at length, since one of the prayers related to contributory negligence and the other to concurring negligence, both of which points were amply covered in other prayers granted. However, the prayer offered in respect of contributory negligence was defective in that it based the con-

tributory negligence of plaintiff's intestate upon the fact of his "going upon the defendant company's track without effectually looking or attempting to look or listen." There was no evidence that plaintiff's intestate failed to look or listen before going upon the tracks. Hence, the prayer, if granted, would have injected into the case an element foreign to the evidence. The instruction as to concurring negligence was also defective in that it left out the question of last clear chance, an issue, as we have observed, brought into the case by counsel for defendant himself, and which he cannot now avoid.

This brings us to the last assignment of error, which is that the amount of the verdict is excessive. This assignment is based upon the denial of a motion for a new trial in the court below. Refusal to set aside a verdict on motion for a new trial will not be reviewed on appeal. *Columbia R. Co.* v. *Cruit,* 20 App. D. C. 521; *Wood* v. *Richmond & D. R. Co.* 1 App. D. C. 165; *District of Columbia* v. *Wilcox,* 4 App. D. C. 90. It has also been held that it is not "within the province of this court to reverse a judgment for the reason that a verdict is excessive." *American Secur. & T. Co.* v. *Kareney,* 39 App. D. C. 223, 230. This is but an annunciation of the Federal rule. *Wabash R. Co.* v. *McDaniels,* 107 U. S. 454, 27 L. ed. 605, 2 Sup. Ct. Rep. 932; *Missouri P. R. Co.* v. *Chicago & A. R. Co.* 132 U. S. 191, 33 L. ed. 309, 10 Sup. Ct. Rep. 65; *Wilson* v. *Everett,* 139 U. S. 616, 35 L. ed. 286, 11 Sup. Ct. Rep. 664. What an appellate court might do in case of gross abuse of discretion by the trial court it is unnecessary to decide, since the verdict in this case is not such as to present that question.

The judgment is affirmed, with costs.          *Affirmed.*