### HARLEY et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. November 4, 1920.)

No. 1810.

1. **Criminal law** ⊂⊃1156(2)—**Insufficiency of evidence cannot be reviewed on exception to denial of new trial.**

The allowance or refusal of a new trial is purely a matter of discretion, and not reviewable, except for abuse of discretion, so that the objection that the evidence was insufficient to sustain the conviction cannot be reviewed on exception to the denial of a new trial.

2. **Criminal law** ⊂⊃951(5)—**Retaining jurisdiction to allow bill of exceptions does not authorize new trial after expiration of term.**

With the expiration of the term at which a criminal case was tried, the trial court's power over the case ceases, except as to the matters over which jurisdiction was expressly retained, so that the trial court cannot entertain a motion for new trial on the ground of newly discovered evidence after the expiration of the term, though it had granted an extension of time within which to file a bill of exceptions, and that bill had not yet been filed.

In Error to the District Court of the United States for the Western Disrict of South Carolina, at Greenwood; Henry H. Watkins, Judge.

T. L. Harley and another were convicted of illicit distilling, and they bring error. Affirmed.

N. G. Evans, of Edgefield, S. C., for plaintiffs in error.

C. G. Wyche, Asst. U. S. Atty., of Greenville, S. C. (J. Wm. Thurmond, U. S. Atty., of Edgefield, S. C., on the brief), for the United States.

Before KNAPP and WOODS, Circuit Judges, and SMITH, District Judge.

KNAPP, Circuit Judge. Plaintiffs in error, herein called defendants, were found guilty of illicit distilling and seek by this writ of error to reverse the judgment of conviction.

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On the merits the record raises no question for review. Defendants apparently acquiesced in the submission of the case to the jury, as no motion was made for a directed verdict, either at the conclusion of the government's proofs or on the whole testimony. Nor was any exception taken to the judge's charge. Indeed, the only exception at the trial relates to a wholly unimportant statement by one of the government's witnesses; it is not even referred to in the brief of defendants' counsel.

[1] After the adverse verdict a motion was made on the minutes for a new trial, on the ground that the evidence was insufficient to sustain the finding of the jury, and the denial of this motion is assigned as error. But the question cannot thus be brought to this court. It has repeatedly been held that the allowance or refusal of a new trial is purely a matter of discretion, and therefore not reviewable, except for abuse of discretion, which is not here alleged. Bishop Co. v. Shelhorse, 141 Fed. 648, 72 C. C. A. 337; Pocahontas Distilling Co. v. United States, 218 Fed. 782, 134 C. C. A. 566; Moore v. United States, 150 U. S. 62, 14 Sup. Ct. 26, 37 L. Ed. 996; Holder v. United States, 150 U. S. 92, 14 Sup. Ct. 10, 37 L. Ed. 1010. We take occasion to say, however, that careful examination of the testimony satisfies us that enough was shown by the government to raise a substantial question of fact which was properly submitted to the jury. On the merits the judgment must be affirmed.

The record presents another question which should perhaps be briefly noticed. The facts are not in dispute. Defendants were tried and convicted, motion for new trial on the minutes made and denied, and sentence imposed on the 6th of November, 1919. On the same day, counsel for defendants having announced in open court his intention to sue out a writ of error, an order was passed "that the time for the service of the bill of exceptions in said case be allowed at any time within 60 days from this date." The term at which this took place expired and the court adjourned without day on the 13th of that month. No other order was made, nor was any asked for, during that term. Later the time for filing bill of exceptions was extended by order to the 15th of March, 1920. The writ of error was sued out within the time allowed by statute. On the 30th of January notice of motion, to be heard on the 3d of February, for a new trial on the ground of newly discovered evidence, set forth in the petition of defendants and certain affidavits, was served on the United States attorney. Hearing of this motion was had on the 18th of February. At that time the writ of error had not been sued out, nor had the bill of exceptions been allowed and filed. Without passing upon the merits, the court denied the motion for want of power to entertain it, the term at which the judgment was entered having expired, and no order having been made reserving jurisdiction for any such purpose.

[2] This ruling of the learned judge is clearly correct. It follows repeated decisions of the Supreme Court which have settled the law beyond question, as will be seen by reference to United States v. Mayer, 235 U. S. 55, 35 Sup. Ct. 16, 59 L. Ed. 129, and the numerous cases therein cited. The fact that in the Mayer Case the writ of error had

been issued before the motion for a new trial was made, while in the *instant* case it had not, is of no importance. The Mayer decision is not placed upon any such ground, but very distinctly on the ground that the jurisdiction of the trial court came to an end at the expiration of the term in which judgment was rendered. In short, the federal authorities broadly hold that, after the term expires at which a case is tried and judgment entered, the trial court cannot set aside or alter its judgment, except as permitted by standing rule or provided for by special order. In the case at bar there was neither standing rule nor special order, and manifestly the order allowing further time for setting the bill of exceptions did not and could not serve to retain jurisdiction to hear a motion for a new trial. The claim that the Mayer Case "has been reviewed and modified" in Abbott v. Brown, 241 U. S. 606, 36 Sup. Ct. 689, 60 L. Ed. 1199, is wholly unfounded. That case turned on the question whether the term at which judgment was entered had expired when the motion for a new trial was heard. The Supreme Court held that it had not, but in so doing expressly approved of the ruling in United States v. Mayer.

Decisions of state courts of contrary import, many of which defendants cite, are not in point and cannot be followed. As the Supreme Court said in Bronson v. Schulten, 104 U. S. 410, 417 (26 L. Ed. 797):

"The question relates to the *power* of the courts and not to the mode of procedure. It is whether there exists in the court the authority to set aside, vacate, and modify its final judgments after the term at which they were rendered; and this authority can neither be conferred upon nor withheld from the courts of the United States by the statutes of a state or the practice of its courts."

The question whether this court, to which the cause has been removed by writ of error, has power to authorize the trial court to hear the motion on the merits is not now presented and therefore need not be discussed. It is enough to say that affirmance of the judgment will be without prejudice to the right of defendants to make such application, provided the same be made within 30 days from the date of this decision.

Affirmed.