<hr/>

## SUN OIL CO. v. RHODES.

(Circuit Court of Appeals, Eighth Circuit. November 9, 1926.)

No. 7323.

**1. Trial ⟐76.**

Attempt, in bill of exceptions, to preserve exception to question to which no objection was made at time, *held* too late.

**2. Appeal and error ⟐1050(1)—Employee's testimony that there was no safer place for him to stand than where he was at time of accident held harmless, when giving reasons for opinion, and jury had complete facts.**

In employee's action for injuries, plaintiff's testimony that there was no safer place for him to stand than where he was at time of accident *held* harmless, when stating not only opinion but reasons therefor, particularly since jury had before it complete picture of facts relative thereto.

**3. Evidence ⟐192.**

Where employer claimed lack of knowledge and required proof of injury and permanency thereof, employee was properly permitted to

exhibit to jury his injured foot, not of character to excite passion or prejudice.

**4. Damages ☞216(3)—Instruction, in employee's action for injuries, relative to nature of damages, held not to authorize double recovery.**

Instruction in employee's action for injuries relative to nature of damages *held* not erroneous, as authorizing recovery of double damages, in that it allowed recovery for pain, suffering, loss of time, physical pain, and mental anguish, and decreased earning power by reason of injury.

**5. Appeal and error ☞1064(1).**

Instruction in employee's action as to duty of employer to inspect machines on which injury occurred, although unnecessary where employer was shown to have had knowledge of defective condition, *held* harmless.

**6. Courts ☞406(1).**

Amount of verdict in employee's action for injuries cannot be questioned in Circuit Court of Appeals.

**7. Courts ☞406(1).**

Trial court's action on motion for new trial in law case is not reviewable in Circuit Court of Appeals.

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Action by J. A. Rhodes against the Sun Oil Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Harry Preston Lawther, of Dallas, Tex., for plaintiff in error.

Charles H. Tompkins, of Prescott, Ark. (Thomas C. McRae, W. V. Tompkins, and Duncan L. McRae, all of Prescott, Ark., on the brief), for defendant in error.

Before STONE and LEWIS, Circuit Judges, and SYMES, District Judge.

STONE, Circuit Judge. This is a writ of error from a judgment for personal injury.

The plaintiff was a derrickman employed by defendant in connection with the drilling of an oil well. A journal box on the engine which was used in drilling the well required adjustment on the shaft on account of the boxing fitting too tightly. In order to loosen the boxing and make the proper adjustment, it was necessary to pry up a pin or key and this could not be done until the nut holding the same had been loosened. Plaintiff had placed himself in a position to loosen this nut. He had stepped upon the end of the engine frame and leaned forward to adjust

his wrench, when, suddenly and without warning, the engine started up. In the first revolution, the piston mashed plaintiff's foot against the engine frame. The reason for the engine starting up was because of a defective and leaky valve. The negligence involved was in permitting this valve to become and remain leaky so that the natural action thereof would be to start the engine suddenly.

Plaintiff in error presents six points to this court.

[1, 2] I. The first point is that the court permitted the plaintiff to state that there was no safer place for him to stand than where he was at the time of the accident. While an objection was made to the question as first asked, that question was not answered. It was then reasked, to which no objection was made at the time nor exception saved. At page 95 of the record, there is an attempt, at the end of the bill of exceptions, to preserve an exception, but this was too late. However, irrespective of the objection and exception, this point is not well taken. The reason urged for this evidence being improper is that it was the opinion of a nonexpert witness upon one of the issues of fact involved in the controversy. It is true, that such an answer is an expression of opinion, but we think the answer here was harmless for two reasons: First, the form of the answer was such as to state, not only the opinion, but the reasons therefor; and, second, the jury had before it a complete picture of the facts bearing upon this point of safety, and those facts were clear and in no wise involved or complicated. We can see no harm this answer could have done.

[3] II. The second point is that the court erred in permitting plaintiff to exhibit to the jury his injured foot. We think this point is not well taken. In its answer, defendant claimed lack of knowledge and required proof of the injury and of the permanency of the injury. It was entirely pertinent for the jury to view the injury itself as being the most convincing evidence as to what the physical injury was and as bearing upon the permanency of the injury and as affecting the future earning power of the plaintiff. Also, the injury was not of a character to excite passion or prejudice and lead the jury aside from considering the other evidence relating to injury.

[4] III. The third point is aimed at a portion of the charge which related to the measure of damages. That portion is as follows:

"If you find for the plaintiff, you will

give him such damages as will compensate him for his pain and suffering, for the injury he has sustained, for his loss of time, for his physical pain and mental anguish, and for any decreased earning power that he has sustained by reason of the injury."

The criticism is that it authorized the recovery of double damages, in that it allowed recovery for pain, suffering, loss of time, physical pain, and mental anguish and decreased earning power, which would cover all damages properly recoverable and permitted, in addition "for the injury he has sustained," which would cover all of the above. This criticism seems to us to be rather hypercritical. As a matter of mere verbal interpretation, it is doubtful if the meaning contended for could be drawn from the above-quoted language. However, we feel certain that the jury could not have been misled by this statement. If the jury should find, as the charge and the law authorized it to, damage for pain and suffering and loss of time and decreased earning power, what other possible elements of damage could it consider, since these cover all that are ordinarily sustainable and all which were covered by the evidence.

[5] IV. The fourth point relates to a portion of the charge which stated that it was the duty of defendant to inspect this machine. This statement in the charge was unnecessary, because, under the evidence, there could be no issue as to inspection, since the master is shown, beyond doubt, to have known of the defective condition of the valve. A duty to inspect and ascertain a dangerous condition is never material where the dangerous condition is shown to have been within the actual knowledge of the employer. Therefore, this portion of the charge had nothing to do with the real issue of fact, but it could not have been harmful.

[6] V. The fifth point challenges the amount of the verdict. Such matter cannot be questioned in this court. Lincoln v. Power, 151 U. S. 436, 437, 14 S. Ct. 387, 38 L. Ed. 224; Erie Railroad Co. v. Winter, 143 U. S. 60, 75, 12 S. Ct. 356, 36 L. Ed. 71; Wilson v. Everett, 139 U. S. 616, 621, 11 S. Ct. 664, 35 L. Ed. 286.

[7] VI. The last point is the alleged error in overruling the motion for new trial. Action of a trial court upon a motion for new trial in a law case is not reviewable by this court. Ward v. Joslin, 186 U. S. 142, 153, 22 S. Ct. 807, 46 L. Ed. 1093; Ayers v. Watson, 137 U. S. 584, 597, 11 S. Ct. 201, 34 L. Ed. 803.

The judgment must be and is affirmed.