**JABCZYNSKI et al. v. UNITED STATES.**

No. 4588.

Circuit Court of Appeals, Seventh Circuit.
Nov. 20, 1931.

William C. Henry, of South Chicago, Ill., and Albert S. O'Sullivan, of Chicago, Ill., for appellants.

George E. Q. Johnson, U. S. Atty., and Daniel Anderson, Asst. U. S. Atty., both of Chicago, Ill., for the United States.

Before EVANS and SPARKS, Circuit Judges, and BALTZELL, District Judge.

BALTZELL, District Judge.

The appellants herein are charged jointly in a grand jury indictment in five counts with the violation of the National Prohibition Act (27 USCA). The first count charges them with the unlawful possession of intoxicating liquor; the second, third, and fourth counts each charge them with the unlawful sale of intoxicating liquor; and the fifth count charges them with the unlawful maintenance of a common nuisance at 3328 East Eighty-Ninth street, Chicago, Ill. A trial was had to the court without the intervention of a jury; both appellants were convicted, and both are now prosecuting this appeal.

While a number of errors are assigned by appellants, only two need be considered. The first being whether or not there was a proper waiver of jury, and the second, if the jury was properly waived, whether or not there is evidence sufficient to sustain the finding of the court.

That a jury may be waived in the trial of a criminal case there is no doubt. Patton v. U. S., 281 U. S. 276, 50 S. Ct. 253, 74 L. Ed. 854, 70 A. L. R. 263.

Appellants do not contend otherwise, but they do contend, however, that there should have been a written stipulation of waiver filed. There is no statute defining the method by which a jury may be waived in the trial of criminal cases, as there is in civil cases. While the Constitution of the United States gives every person charged with the commission of a crime (certain exceptions therein being contained) the right of a trial by jury [Const. art. 3, § 2, cl. 3, and Amend. 6], yet it has recently been held by the Supreme Court in Patton v. United States, supra, that such right may be waived. A careful analysis of that case fails to disclose that such waiver must be in writing. The record in the instant case discloses that the appellants were present in court; that they were represented by counsel; and that the cause was submitted to the court for trial without a jury. Furthermore, the bill of exceptions specifically states that the jury was orally waived. While it is highly preferable that a written waiver of jury in a criminal case, signed by the defendant or defendants personally, be filed, yet, in the absence of a statute, such procedure is not mandatory. The fact that the waiver was made orally instead of being in writing does not in any manner deprive appellants of their constitutional right, and is no cause for complaint. Having thus waived such right, even though orally, they cannot now be heard to complain.

The second question presented is whether or not there is evidence to support the finding of the trial court. Upon this question there can be no doubt. That there is a variance between the testimony of government's witnesses and the appellants is conceded, but that fact alone does not necessarily mean that the appellants are right and that the government's witnesses are in error. There is evidence tending to establish the guilt of the defendants, as charged in the indictment, and there is also evidence given by the defendants tending to establish their innocence of those charges.

No good purpose will be served by discussing at length the testimony of the various witnesses. A careful examination of all the testimony convinces us that there is evidence from which the trial judge was justified in arriving at the conclusion that the defendants are guilty as charged. Having thus determined, this court cannot disturb such finding. Burton v. U. S., 202 U. S. 344, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Harley v. U. S. (C. C. A.) 269 F. 384; Allen v. U. S. (C. C. A.) 4 F.(2d) 688.

The judgment of the District Court is affirmed.