FILED
United States Court of Appeals
Tenth Circuit

May 21, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

NATHAN DON JACK,

Defendant-Appellant.

No. 11-2040
(D.C. No. 1:09-CR-02626-WJ-1)
(D. New Mexico)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **SEYMOUR** and **MURPHY,** Circuit Judges.

Nathan Don Jack was convicted of one count of second degree murder in violation of 18 U.S.C. §§ 1111(a), 1153 and 3147(1).  On appeal, he argues the district court committed plain error when it failed to instruct the jury that the government had the burden to prove the absence of heat of passion as an additional element of the murder charge.  We affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

"[T]he only difference between second degree murder and voluntary manslaughter in the homicide hierarchy is that voluntary manslaughter is committed in the heat of passion, and the presence of this mitigating factor negates the malice that would otherwise attach given an intentional or reckless mental state." *United States v. Serawop*, 410 F.3d 656, 665 (10th Cir. 2005). "Heat of passion" is defined as "'a passion of fear or rage in which the defendant loses his normal self-control as a result of circumstances that would provoke such a passion in an ordinary person, but which did not justify the use of deadly force.'" *Id*. at 664-65 (quoting *United States v. Browner*, 889 F.2d 549, 552 (5th Cir. 1989)); *see also* Tenth Circuit Pattern Criminal Jury Instructions No. 2.54, at 184 (2011) (nearly identical definition). Significantly,

> [t]here are four obstacles for the defendant to overcome before he can have his intentional killing reduced from murder to voluntary manslaughter: (1) There must have been a reasonable provocation. (2) The defendant must have been in fact provoked. (3) A reasonable man so provoked would not have cooled off in the interval of time between the provocation and the delivery of the fatal blow. And (4), the defendant must not in fact have cooled off during that interval.

2 Wayne R. LaFave, *Substantive Criminal Law* § 15.2(a), at 494 (2d ed. 2003).

"[T]he Due Process Clause requires the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation when the issue is properly presented in a homicide case." *Mullaney v. Wilbur*, 421 U.S. 684, 704 (1975); *see also United States v. Lofton*, 776 F.2d 918, 920 (10th Cir. 1985) ("[A] defendant in a federal murder case who has sufficiently raised a heat

of passion defense is entitled to instructions informing the jury of the theory of defense and of the Government's duty to prove beyond a reasonable doubt the absence of heat of passion in order to obtain a murder conviction."); Tenth Circuit Pattern Criminal Jury Instructions No. 2.53, at 182 (2011) (noting that "if there is evidence that the defendant acted upon a sudden quarrel or heat of passion," an additional element should be added to the second degree murder instruction). A district court commits plain error when it fails to provide such an instruction where the issue is properly presented. *Lofton*, 776 F.2d at 922.

Mr. Jack contends the evidence shows he killed the victim, Jessica Shorty, with whom he shared a child, in a fit of enraged passion because he thought Ms. Shorty had been cheating on him. Courts have held that "a reasonable man may be provoked upon *suddenly* being told of his wife's infidelity." LaFave, *Substantive Criminal Law* § 15.2(b)(5), at 498 (emphasis added). Courts have also held "that a *reasonable* though erroneous belief on the part of the husband that his wife is committing adultery" is sufficient to establish adequate provocation. *Id.* (emphasis added); *see also id.* § 15.2(b)(9), at 503 ("It would seem that the provocation is adequate to reduce the homicide to voluntary manslaughter if the killer reasonably believes that the injury to him exists, though actually he has not been injured."). Having thoroughly reviewed the record, however, we conclude there was insufficient evidence to support a heat of passion defense in this case. *See United States v. Scafe*, 822 F.2d 928, 932-33 (10th Cir. 1987).

While there is evidence in the record that Mr. Jack was accusing Ms. Shorty of cheating on him the evening of the murder, the evidence does not begin to establish when any alleged cheating occurred, nor when Mr. Jack first learned about the alleged infidelity. Thus, a jury had no evidence on which to find there was a "sudden" and "reasonable provocation"[1] for Mr. Jack's rage. "Evidence of a string of prior arguments and a continuing dispute, without any indication of some sort of instant incitement," does not constitute sufficient evidence to show heat of passion. *United States v. Bordeaux*, 980 F.2d 534, 537 (8th Cir. 1992) (internal quotation marks omitted).

Even assuming there was a reasonable provocation, there is no evidence suggesting a "reasonable man so provoked would not have cooled off in the interval of time between the provocation and the delivery of the fatal blow." *See* LaFave, *Substantive Criminal Law* § 15.2(a), at 494. Instead, the evidence at trial established that while Mr. Jack engaged in a violent argument with Ms. Shorty about her alleged cheating just hours before killing her, he "actually cooled off by the time he commit[ted] his deadly act." *See id.* § 15.2(e), at 509. The record

---

[1] Notably, Mr. Jack was drunk when he became enraged and killed Ms. Shorty. A defendant "does not qualify for the voluntary manslaughter treatment where, because of intoxication, he easily loses his self-control; that is to say, he is to be judged by the standard of the reasonable sober man." LaFave, *Substantive Criminal Law* § 15.2(b)(10), at 504. *See also United States v. Soundingsides*, 820 F.2d 1232, 1242 (10th Cir. 1987) (holding that intoxication does not negate the general intent to kill necessary to support a conviction for second-degree murder or voluntary manslaughter).

reflects that Mr. Jack's stepfather helped Mr. Jack calm down after the argument.

He testified:

> I was outside talking to Nathan, trying to calm him down. I told him, you know, "It's going to blow away. Don't worry about it. I went through it. Things happen. Maybe it didn't happen." And I tried to talk some sense into him to calm down, and we talked for about probably about a good 30 minutes, and he finally – he finally calmed down. He listened to me, and he started crying.
>
> I hugged him and I gave him a good hug and told him, you know, "Everything will be okay, not – not just right now, but you know, just we're drinking right now, and it's not a good time. Wait till the morning. Everything will – everything will be fine in the morning, and you know, just get some sleep and, you know, just don't bother them. Let them sleep." So he finally calmed down.

Rec., Vol. III, at 211-12. It was not until much later in the night that Mr. Jack returned and killed Ms. Shorty. Although it is theoretically possible some new event rekindled Mr. Jack's passion after he calmed down but before he killed Ms. Shorty such that he was reasonably provoked anew, *see* LaFave, *Substantive Criminal Law* § 15.2(d), at 508, there is no evidence in the record about any such event. "It is well established that if the defendant had enough time between the provocation and the killing to reflect on his or her intended course of action, 'then the mere fact of passion would not reduce the crime below murder.'" *Bordeaux*, 980 F.2d at 537-38 (quoting *Collins v. United States,* 150 U.S. 62, 65 (1893)).

For all of these reasons, a jury could not have reasonably concluded that Mr. Jack was suddenly and reasonably provoked at the time he killed Ms. Shorty. Because Mr. Jack did not produce sufficient facts for a reasonable jury to conclude

-5-

that he was adequately provoked into a sudden rage by having learned of Ms. Shorty's alleged cheating, the district court did not plainly err by failing to instruct the jury on a heat of passion defense to the second degree murder charge.

Accordingly, we AFFIRM.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge