FILED
United States Court of Appeals
Tenth Circuit

November 3, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

v.

NATHAN DON JACK,

   Defendant - Appellant.

No. 15-2001
(D. New Mexico)
(D.C. Nos. 1:13-CV-00738-WJ-LAM
and 1:09-CR-02626-WJ-1)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **MATHESON**, **MURPHY,** and **PHILLIPS**, Circuit Judges.

---

A federal jury found Nathan Jack guilty of second degree murder. *See*
18 U.S.C. §§ 1111(a), 1153 and 3147(1). This court affirmed his conviction on
direct appeal. *United States v. Jack*, 483 F. App'x 427, 429 (10th Cir. 2012).
Jack thereafter filed this 28 U.S.C. § 2255 motion to set aside his conviction. In a
thorough and well-reasoned report and recommendation, a magistrate judge
analyzed the eleven claims set out in Jack's § 2255 motion and recommended that
the motion be denied. Upon de novo review, the district court adopted the
magistrate judge's recommendation and denied Jack's § 2255 motion. Judgment
entered on September 4, 2014. On October 6, 2014, more than twenty-eight days

later, Jack filed a motion for reconsideration that purported to be brought pursuant to Fed. R. Civ. P. 59(e). *But see* Fed. R. Civ. P. 59(e) (providing that a motion to alter or amend a judgment "must be filed no later than 28 days after the entry of judgment).[1] The district court dismissed for lack of jurisdiction Jack's motion for reconsideration, concluding it was a successive motion for collateral relief. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-17 (10th Cir. 2006) (holding that while district courts retain jurisdiction to resolve true Fed. R. Civ. P. 60(b) motions, district courts lack jurisdiction over disguised successive habeas petitions); *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) (suggesting rule set out in *Spitznas* applies to Rule 59(e) motions).[2]

This matter is before the court on Jack's pro se request for a certificate of appealability ("COA"). Jack seeks a COA so he can appeal the district court's denial of his § 2255 motion and his request for reconsideration. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the decision appealed from involves a procedural ruling, this court will not issue a COA unless "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition

---

[1]The twenty-eighth day fell on October 2, 2014. Fed. R. Civ. P. 6(a)(1).

[2]As set out more fully below, because Jack's purported Rule 59(e) motion for reconsideration was not timely filed, it must be treated as a Rule 60(b) motion. That being the case, this court has no reason to address whether the rule set out in *Spitznas* applies to rule 59(e) motions.

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Spitznas*, 464 F.3d at 1225 (quotation omitted). This court lacks appellate jurisdiction over Jack's appeal from the denial of his § 2255 motion because Jack did not file a timely notice of appeal. We deny Jack a COA as to the district court's resolution of his motion for reconsideration because it is clear that (1) the motion must be construed as a Rule 60(b) motion and (2) the district court's conclusion that Jack's motion was, in reality, a disguised successive § 2255 motion is undeniably correct.

**The § 2255 Motion - Lack of Appellate Jurisdiction**

This court can exercise appellate jurisdiction in a civil case only if a notice of appeal is timely filed. *United States v. Smith*, 182 F.3d 733, 734 (10th Cir. 1999). A timely notice of appeal is a jurisdictional prerequisite. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The Federal Rules of Appellate Procedure provide that in a civil case in which the United States is a party (or one of its agencies, officers, or employees is sued in an official capacity), a prospective appellant must file a notice of appeal "within 60 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). The filing of certain motions can, however, toll the time for filing a notice of appeal. Fed. R. App. P. 4(a)(4)(A). The sixty-day period is tolled by filing a motion "to alter or amend the judgment under Rule 59," Fed. R. App. P. 4(a)(4)(A)(iv), or by filing a motion

"for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered," Fed. R. App. P. 4(a)(4)(A)(vi). Here, judgment on the merits of Jack's § 2255 motion was entered on September 4, 2014. His notice of appeal was due on November 3, 2014. Fed. R. Civ. P. 6(a)(1). Jack filed his notice of appeal on December 31, 2014, more than sixty days after entry of judgment.

The question then becomes whether Jack's motion for reconsideration, which purported to be brought pursuant to Rule 59(e) served to toll the time for the filing of Jack's notice of appeal. The answer to that question is "no." Jack's motion for reconsideration was filed on October 6, 2014, more than twenty-eight days after entry of judgment. *Watson v. Ward*, 404 F.3d 1230, 1231 (10th Cir. 2005) (holding district courts lack jurisdiction over untimely Rule 59(e) motions).[3] Although the prisoner mailbox rule applies to post-judgment motions in the context of § 2255 proceedings, Jack's motion for reconsideration does not satisfy the dictates of that rule. Rule 3 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides inmates with two

---

[3]Even those courts that have expressed doubt as to the jurisdictional nature of the time limits in Rule 59(e) after the Supreme Court's decisions in *Bowles v. Russell*, 551 U.S. 205, 212-13 (2007), *Eberhart v. United States*, 546 U.S. 12, 16 (2005), and *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004), have continued to conclude that an untimely Rule 59(e) motion does not toll the jurisdictional time frames in Rule 4(a). *See, e.g.*, *Lizardo v. United States*, 619 F.3d 273, 280 (3d Cir. 2010).

avenues to establish an alternate, earlier filing date (i.e., placement of the motion in the prison mails): (1) use of the prison legal mail system, if one is available; or (2) submit a "declaration in compliance with 28 U.S.C. § 1746, or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been pre-paid." *See also Price v. Philpot*, 420 F.3d 1158, 1165-66 (10th Cir. 2005) (discussing prisoner mailbox rule at length). There is no indication that Jack's motion was sent via the prison legal mail system. Thus, the first of the two avenues to invoke the prisoner mailbox rule is absent. Although Jack's motion indicates it was "sent on the 30th day of September, 2014," and contains the required declaration pursuant to 28 U.S.C. § 1746, it does not state that first-class postage has been prepaid. Because it does not contain the required certification, the second of the two avenues to invoke the prisoner mailbox rule is also absent. *See United States v. Smith*, 182 F.3d 733, 735 n.1 (10th Cir. 1999) (refusing to apply mailbox rule to pro se inmate's notice of appeal because declaration of timely filing did not state that first-class postage had been prepaid).

Because Jack's motion for reconsideration was filed more than twenty-eight days after entry of judgment, it does not count as a Rule 59(e) motion for purposes of Fed. R. App. P. 4(a)(4)(A). Thus, Jack's notice of appeal from the denial of his § 2255 motion was due within sixty days of the court's entry of judgment on September 4, 2014 (i.e., November 3, 2014). Jack did not file his

-5-

notice of appeal until December 31, 2014, more than sixty days after entry of judgment. Accordingly, we must dismiss for lack of appellate jurisdiction this appeal from the merits of the district court's denial of Jack's § 2255 motion.

**The Motion for Reconsideration - Denial of COA**

Because Jack's motion for reconsideration was filed more than twenty-eight days after entry of judgment it is considered a Rule 60(b) motion. *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). The district court concluded it lacked jurisdiction to resolve that motion as it was not a true motion for reconsideration, but was, instead, a successive habeas petition. This conclusion is not reasonably subject to debate. That is, rather than assert a procedural defect in the district court's disposition of his § 2255 motion that improperly precluded a decision on the merits, Jack's motion for reconsideration simply reargues his claims for relief, asserting the district court erred on the law and/or facts. As this court's precedents make clear, such a motion is a successive habeas petition. *Spitznas*, 464 F.3d at 1215-16.

For those reasons set out above, this court **dismisses** Jack's appeal from the district court's merits decision for lack of appellate jurisdiction. We **deny** Jack a COA as to his appeal from the denial of his motion for reconsideration and, therefore, **dismiss** that appeal as well. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (holding that the COA requirement is a "jurisdictional prerequisite"). This court **grants** Jack's request to proceed on appeal *in forma pauperis* and his

-6-

motion to supplement his appellate brief/COA request with a materially identical

typed brief.  All other pending motions are hereby **denied**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge