Eric Levanter DeMILLARD,
Petitioner–Appellant,

v.

Steve HARGETT, Warden, Wyoming Medium Correctional Institution; Wyoming Attorney General, Respondents–Appellees.

No. 15–8129.

United States Court of Appeals,
Tenth Circuit.

Feb. 17, 2016.

Eric Levanter DeMillard, Torrington, WY, pro se.

Before GORSUCH, BALDOCK, and McHUGH, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY

BOBBY R. BALDOCK, United States Circuit Judge.

Back in 2001, Petitioner Eric DeMillard, who has a history of mental health issues, pled guilty in Wyoming state court to one count of burglary and one count of attempted assault on a peace officer, and nolo contendere to four counts of interference with child custody. The state court found Petitioner was competent to proceed and his plea was knowing and voluntary. The history of this case through mid-August 2013 is set forth in *De Millard v. Wyoming*, 308 P.3d 825 (Wyo.2013) (unsuccessful appeal from an order revoking Petitioner's probation), and we will not repeat it here.

To make a long story short, Petitioner, in 2015, finally sought relief from his state court convictions via a 28 U.S.C. § 2254 petition for a writ of habeas corpus. Like he tells us, Petitioner told the federal district court that "[i]t is legally impossible for [him] to be guilty of" (1) attempted assault on a police officer because he had no firearm in his house at the time of the incident, (2) burglary because the residence where he held his children was his own, and (3) interference with custody because the state court had not entered a custody order. In a concise, written order, the district court held the petition was time-barred:

> The Wyoming state district court. imposed sentence on March 12, 2001. The Wyoming Rules of Appellate Procedure require an appeal from a final order to be filed within 30 days. Petitioner did not file an appeal with the Wyoming Supreme Court, however, the one year limitations period under [28 U.S.C.] § 2244(d)(1)(A) is tolled during the period in which the petitioner could have sought an appeal under state law. The one year period within which Petitioner was required to file a § 2254 petition thus commenced thirty (30) days after March 12, 2001, on April 12, 2001, and ended one year later, on [Monday] April 15, 2002. The record before the Court fails to reflect a post-conviction request of any type or nature until Petitioner sought modification of his probation conditions in 2007.

*DeMillard v. Hargett,* No. 15–CV–134, Order at 6–7 (D.Wyo., filed Sept. 9, 2015) (citations and quotation marks omitted). Petitioner now seeks to appeal the district court's denial of his § 2254 petition.

Prior to appealing that ruling (or the denial of his subsequent Rule 60(b) motion to reconsider), however, Petitioner must receive permission from us to do so in the form of a Certificate of Appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(A). When the decision appealed from involves a procedural ruling, as it does here, the court will not·issue a COA unless "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *United States v. Jack,* No. 152001, 630 Fed.Appx. 858, 859, 2015 WL 6685466, at *1 (10th Cir. Nov. 3, 2015) (unpublished) (quoting *Spitznas v. Boone,* 464 F.3d 1213, 1225 (10th Cir.2006)).

Petitioner states that on August 19, 2014, the Wyoming Supreme Court issued an opinion which ended his present state case. *See DeMillard v. Wyoming,* 332 P.3d 534 (Wyo.2014) (unsuccessful appeal from the denial of Petitioner's motion to correct an illegal sentence). On August 1, 2015, eighteen days before the one-year anniversary of the Wyoming Supreme Court's most recent opinion, he submitted his § 2254 petition to the district court. But Petitioner is mistaken when he claims the one-year limitations period set forth in § 2244(d)(1)(A) did not commence to run until August 19, 2014. The § 2254 petition challenges only Petitioner's convictions. As the district court ably explained, the time clock began to run on the date those convictions became final by expiration of the time for seeking *direct* review. That date was April 12, 2001. Because a reasonable jurist would not debate that the district court was correct in its procedural ruling, Petitioner, for this (and perhaps other) reason(s), is not entitled to a COA.

COA DENIED; APPEAL DISMISSED.