**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

————————————————————

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

NATHAN DON JACK,

      Defendant-Appellant.

No. 16-2061
(D.C. No. 1:13-CV-00738-WJ-LAM
& No. 1:09-CR-02626-WJ-1)
(D. N. Mex.)

————————————————————

**ORDER AND JUDGMENT**[*]

————————————————————

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.

————————————————————

This appeal grows out of prior proceedings involving Mr. Nathan

Don Jack's conviction in federal court for second-degree murder. After

unsuccessfully appealing, Mr. Jack filed a motion to vacate under 28

U.S.C. § 2255. The district court denied relief, and Mr. Jack filed a

motion to alter or amend the judgment under Federal Rule of Civil

---

[*]    Oral argument would not materially aid our consideration of this appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Procedure 59(e). The district court denied this motion, and Mr. Jack appealed. We concluded that Mr. Jack's motion under Rule 59(e) had been filed out of time. *United States v. Jack*, 630 F. App'x 858 (10th Cir. 2015) (unpublished). Apparently misunderstanding our conclusion as turning on the date his motion had been postmarked, Mr. Jack moved in district court to correct the record. The district court denied relief, concluding that the record did not need to be corrected because our prior opinion did not turn on the date of the postmark. We agree.

The deadline for filing a Rule 59(e) motion is 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Because Mr. Jack was a prisoner, he could take advantage of the "prisoner mailbox rule." Under this rule, the court regards the filing date of a motion as the date that the prisoner gave his document to prison authorities for filing. *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005). But the rule requires the prisoner to do certain things. For example, when filing a motion under 28 U.S.C. § 2255, the prisoner must use the available system for legal mail, put the document in the institutional mailing system by the deadline, and file a declaration or notarized statement setting forth the date of deposit and stating that first-class postage had been prepaid. Rule 3(d), Rules Governing Section 2255 Proceedings for the U.S. District Courts.

The district court concluded that the Rule 59(e) motion had been filed out of time, and we agreed in the prior appeal. *United States v. Jack*, 630 F. App'x 858, 860 (10th Cir. 2015) (unpublished). There, we explained that Mr. Jack had not satisfied two requirements for using the prisoner mailbox rule: (1) he did not say that he had sent the motion through the prison legal-mail system, and (2) his declaration did not state that first-class postage had been prepaid. *Id.* at 860-61. As a result, we held that the Rule 59(e) motion had not tolled the time to appeal the denial of relief under § 2255. *Id.* at 861.

Mr. Jack apparently misunderstood our opinion, for he wants to clarify the record to show the correct date of the postmark on the envelope containing his Rule 59(e) motion. The district court declined to clarify the record because the proposed clarification would not have made any difference. The court was correct because we had not referred to the postmark date when deciding that the motion was untimely. Instead, we relied on Mr. Jack's failure to state that he had used the prison's legal-mail system and that first-class postage had been prepaid. Based on that reasoning, the district court denied Mr. Jack's request for clarification of the record on the date of the postmark.

Mr. Jack's only argument on appeal is that the district court should have allowed clarification of the record regarding the date of the

3

postmark. We reject this argument because we agree with the district court's reasoning. Under our prior opinion, Mr. Jack's Rule 59(e) motion would have remained untimely regardless of the date of the postmark. As a result, we affirm.

Finally, we note that Mr. Jack seeks leave to appeal in forma pauperis. Though Mr. Jack is indigent, he lacks any good faith for this appeal. As a result, we deny leave to appeal in forma pauperis. *See Rolland v. Primesource Staffing, LLC*, 497 F.3d 1077, 1079 (10th Cir. 2007).

Entered for the Court


Robert E. Bacharach
Circuit Judge