**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 16, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NATHAN DON JACK,

Defendant - Appellant.

Nos. 16-2256 and 16-2275
(D.C. Nos. 1:13-CV-00738-WJ-LAM and
1:09-CR-02626-WJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HOLMES**, and **PHILLIPS**, Circuit Judges.
_____

Nathan Don Jack, a pro se federal prisoner, seeks a certificate of appealability

(COA) to challenge the district court's dismissal of his postconviction filing as an

unauthorized second or successive 28 U.S.C. § 2255 motion (Appeal No. 16-2256). He

also appeals the district court's imposition of filing restrictions (Appeal No. 16-2275).

We deny a COA and affirm the restrictions.[1]

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Although this document is entitled "Order and Judgment" based on this
court's affirmance in Appeal No. 16-2275, this document also qualifies as an Order
Denying COA in Appeal No. 16-2256.

BACKGROUND

In 2011, Jack was convicted of second-degree murder for killing Jessica Shorty while on release from custody in another case. Two sentencing consequences arose from committing this offense while on release. First, the guidelines directed a three-level enhancement of the offense level. *See* U.S. Sentencing Guidelines Manual § 3C1.3 (U.S. Sentencing Comm'n 2010). Second, the release statute required "a term of imprisonment of not more than ten years if the offense is a felony," which is "in addition to the sentence prescribed for the offense." 18 U.S.C. § 3147(1); *see also* USSG § 3C1.3 cmt. n.1 ("Under 18 U.S.C. § 3147, a sentence of imprisonment must be imposed in addition to the sentence for the underlying offense, and the sentence of imprisonment imposed under 18 U.S.C. § 3147 must run consecutively to any other sentence of imprisonment.").

Accordingly, Jack's presentence investigation report (PSR) identified the adjusted offense level as 41, reflecting the addition of the 3-level release enhancement, *see* USSG § 3C1.3, to the base offense level of 38, *see id.* § 2A1.2(a). Because Jack had a category II criminal history, the resulting guidelines sentence was 360 months to life imprisonment. The district court sentenced Jack to life. In doing so, the court declined to impose the consecutive term indicated by § 3147(1), reasoning that it "would constitute an upward variance" from the guidelines range. R. at 632.[2]

On direct appeal, Jack did not raise a sentencing issue. Instead, he focused on the omission of a jury instruction requiring the government "to prove the absence of heat of

---

[2] This order and judgment uses the record's appellate CM/ECF page numbers because the district court's page numbers for the record are at times duplicative.

passion." *United States v. Jack*, 483 F. App'x 427, 427 (10th Cir. 2012). This court

affirmed. *See id.*

Later, in a § 2255 motion, Jack complained that he received ineffective assistance

of trial and appellate counsel because his sentence lacked a § 3147 consecutive

component. He vaguely argued that his sentence was invalid and that on remand "[t]he

only consideration would be to comply with 18 U.S.C. § 3147's statutory maximum of 10

years." R. at 74. The district court rejected Jack's argument, pointing out that counsel's

alleged error would not somehow invalidate his life sentence, and that the omission of an

additional term of imprisonment could not be prejudicial. Thus, the district court denied

Jack's § 2255 motion.

When Jack moved for reconsideration, the district court construed it as a request

for second or successive habeas relief because the motion sought to revisit the merits of

Jack's habeas claims. Because Jack had not obtained prior authorization from this court

to file such a motion, *see* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h), the district court

proceeded to consider whether it was appropriate to transfer the motion to this court. *See*

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) ("When a second or successive § 2254

or § 2255 claim is filed in the district court without the required authorization from this

court, the district court may transfer the matter to this court if it determines it is in the

interest of justice to do so under [28 U.S.C] § 1631, or it may dismiss the motion or

petition for lack of jurisdiction."). The district court found that a transfer would not serve

the interests of justice because Jack clearly needed circuit-court authorization to file the

3

motion, and the motion did not assert newly discovered evidence or a new rule of constitutional law. *See* 28 U.S.C. § 2255(h). The district court dismissed the motion.

Jack appealed from the denial of his § 2255 motion and the dismissal of his reconsideration motion. This court dismissed the entire appeal because Jack failed to (1) timely appeal the denial of § 2255 relief; and (2) show that reasonable jurists could debate whether the reconsideration motion qualified as a second or successive habeas motion. *See United States v. Jack*, 630 F. App'x 858, 861 (10th Cir. 2015).

Jack then returned to the district court, seeking the correction of a clerical error concerning the date of a postmark he thought was responsible for his appeal being late. The district court denied relief. This court affirmed, stating that "the record did not need to be corrected because our prior opinion did not turn on the date of the postmark." *United States v. Jack*, 667 F. App'x 689, 689 (10th Cir. 2016).

Finally, in October 2016, Jack filed in the district court a "Petition For Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b)(4), (6), Or (3)," complaining that his sentence lacked a § 3147 consecutive term, which "resulted in [a] Fifth Amendment violation." R. at 581, 596. He asserted that his sentence is void because § 3147's language is mandatory. The district court construed the filing as another unauthorized second or successive § 2255 motion, declined to transfer it to this court because Jack was "continu[ing] to reargue meritless grounds," *id.* at 647-48, and dismissed it for lack of jurisdiction.

Additionally, given Jack's "documented history of filing second and successive § 2255 motions without the mandatory authorization," the district court ordered Jack to

show cause "why he should not be prohibited from making new filings challenging his criminal conviction . . . without the representation of a licensed attorney . . . unless he obtains the permission of the court to proceed *pro se*." R. at 649, 650-51. In response, Jack again argued that his life sentence was void. The district court imposed the threatened restrictions, stating that Jack had "persist[ed] in filing unauthorized motions and attempting to circumvent the Court's directions that he comply with the applicable statutes and rules." R. at 658.

## DISCUSSION
### I. COA (Appeal No. 16-2256)

A COA is a jurisdictional prerequisite to our review of the district court's decision dismissing Jack's October 2016 petition as an unauthorized second or successive § 2255 motion. *See Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Because the district court dismissed Jack's petition on procedural grounds, we will grant a COA only if he "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Jack is proceeding pro se, we liberally construe his filings. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

The district court determined that Jack's petition needed circuit-court authorization because Jack presented a merits-based second or successive claim. Jack argues that we should issue a COA as to that determination because the district court's "disregard[ ]" of a § 3147 mandatory consecutive sentence "has violated [his] Fifth

5

Amendment rights of due process" and "marred the integrity [of] the court." Aplt. Opening Br. at 3.

Jack appears to be arguing that his petition was a "true 60(b) motion," rather than a second or successive § 2255 motion. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (indicating that a true 60(b) motion challenges either "a procedural ruling of the habeas court which precluded a merits determination" or "a defect in the integrity of the federal habeas proceeding"). We are not persuaded. No reasonable jurist could debate that Jack's petition did anything other than "assert a basis for relief from [his] underlying [sentence]," *In re Pickard*, 681 F.3d 1201, 1205 (10th Cir. 2012), or "attack the federal court's previous resolution of [his sentencing] claim on the merits," *id.* at 1206 (brackets and internal quotation marks omitted). Indeed, the petition raised no "procedural error in the disposition of his original habeas motion" that needed to be addressed in further proceedings under Rule 60(b). *United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006). And although a challenge to a defect in the integrity of a federal habeas proceeding does not require prior circuit-court authorization, *see Spitznas*, 464 F.3d at 1215-16, Jack's claim of sentencing error is "inextricably [tied] to a merits-based attack on the disposition of his prior habeas petition," *In re Lindsey*, 582 F.3d 1173, 1175-76 (10th Cir. 2009) (emphasis and internal quotation marks omitted). Therefore, the claim required authorization. *See In re Lindsey*, 582 F.3d at 1176. Further, the district court acted within its discretion by dismissing the petition, rather than transferring it to this court. *See In re Cline*, 531 F.3d at 1251 (indicating that a transfer

6

may not be in the interest of justice if, among other things, the claim lacks merit or was brought in bad faith).

Accordingly, we deny a COA and dismiss Appeal No. 16-2256.[3]

## II. Filing Restrictions (Appeal No. 16-2275)

Jack contends that filing restrictions are inappropriate because his sentencing argument is meritorious. We review the district court's imposition of filing restrictions for an abuse of discretion. *See Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989) (per curiam). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010). Filing restrictions "are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007).

After carefully reviewing Jack's filing history, we conclude that the district court did not abuse its discretion. Jack has repeatedly circumvented the rules for filing second or successive § 2255 motions. And he has done so to advance an incoherent argument

---

[3] To the extent Jack argues that he timely appealed from the district court's order denying his original § 2255 motion, that argument is barred. *See Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1241 (10th Cir. 2016) ("Law of the case doctrine rightly bars the way, precluding the relitigation of issues either expressly or implicitly resolved in prior proceedings in the same court.").

7

premised on some vague, mutational theory[4] that he could not be sentenced to life for murdering Shorty unless he was also given a consecutive § 3147 sentence for murdering her while on release. The district court has explained several times that Jack's argument may not be raised in the district court without prior circuit-court authorization. Further, in response to the district court's order to show cause, Jack used the opportunity not to explain his failure to seek authorization, but to again address his sentencing theory. Finally, the district court has given Jack clear instructions on how to proceed with any new filings.

Accordingly, we affirm the district court's filing restrictions.

CONCLUSION

We deny Jack's request for a COA and dismiss Appeal No. 16-2256. We affirm the filing restrictions in Appeal No. 16-2275. We grant Jack's motion to file supplemental authorities. Finally, because Jack has not advanced a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *see Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (internal quotation marks omitted),

---

[4] Jack initially presented his theory under the guise of ineffective assistance of counsel, and he now characterizes it as a due-process violation.

8

we deny his requests to proceed in forma pauperis and we remind Jack of his obligation to pay the filing fees in full.

Entered for the Court

Jerome A. Holmes
Circuit Judge