FILED

NOV 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10083 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00445-DGC-1 |
| v. | |
| JUAN CARLOS BURNS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted December 10, 2020**
Submission Withdrawn February 25, 2021
Resubmitted November 16, 2023
San Francisco, California

Before: W. FLETCHER and IKUTA, Circuit Judges, and SCHREIER,*** District Judge.

In 2017, a jury found Juan Carlos Burns guilty of one count of second-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

degree murder in violation of 18 U.S.C. § 1111 and one count of discharge of a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Burns to 413 months in custody, followed by five years of supervised release. On appeal, Burns challenges his conviction and sentence on five grounds. We have jurisdiction under 28 U.S.C. § 1291. We affirm on the first four grounds and remand the case to the district court for reconsideration of the last ground.

1.      The district court properly instructed the jury that second-degree murder is a "crime of violence" under 18 U.S.C. § 924(c). Burns initially argued that, under the categorical approach, second-degree murder is not a crime of violence because it can be committed recklessly, while a crime of violence requires the intentional use of force or purposeful conduct. The parties now agree[1] that *United States v. Begay*, 33 F.4th 1081 (9th Cir. 2022) (en banc), *cert. denied*, 598 U.S. --- (Oct. 11, 2022) (No. 22-5041), compels this panel to deny relief on this claim.[2] In *Begay*, we held that second-degree murder is a crime of violence because "a defendant who acts with the requisite mens rea to commit second-degree murder necessarily employs force against the person or property of another,

---

[1] Burns, however, "maintains his disagreement with the *Begay* opinion, and reserves his right to seek further review of the instant panel's denial" of this claim.
[2] The panel previously held this case in abeyance pending the en banc opinion in *Begay*.

2

and rather than acting with ordinary recklessness, the defendant acts with recklessness that rises to the level of extreme disregard for human life." *Id.* at 1093 (internal quotation omitted). Because *Begay* controls here, the jury instruction was proper.

2.     The district court did not err, under *Massiah v. United States*, 377 U.S. 201 (1964), in refusing to suppress an incriminating statement made by Burns to a tribal correctional officer. After being charged with murder by tribal authorities, Burns was taken to an emergency room, accompanied by a tribal correctional officer. The officer asked Burns where his trial would take place, and Burns volunteered that, if two particular witnesses were going to testify against him, he would take a plea instead of going to trial. The district court denied suppression under *Miranda v. Arizona*, 384 U.S. 436 (1966),[3] but it failed to address Burns's Sixth Amendment *Massiah* claim. Even if the Sixth Amendment were applicable, the questions were not interrogations "designed deliberately to elicit incriminating remarks." *Kemp v. Ryan*, 638 F.3d 1245, 1256 (9th Cir. 2011) (citation omitted). Thus, it was not error for the district court to admit Burns's statement.

3.     The district court did not abuse its discretion by refusing to instruct

---

[3] Burns does not challenge the district court's decision on his *Miranda* claim on appeal.

the jury on the lesser-included offense of voluntary manslaughter. Voluntary manslaughter requires provocation that "would arouse a reasonable and ordinary person to kill someone." *United States v. Wagner*, 834 F.2d 1474, 1487 (9th Cir. 1987) (citation omitted). Here, the only evidence of alleged provocation is that the decedent called Burns a "mark." But words, on their own, generally do not make for adequate provocation, *Allen v. United States*, 164 U.S. 492, 497 (1896), and such an insult would not arouse a reasonable person to kill. Even if this was adequate provocation, voluntary manslaughter also requires that there be no cooling-off period between the provocation and the killing. 18 U.S.C. § 1112(a) ("Upon a sudden quarrel or heat of passion."); *Collins v. United States*, 150 U.S. 62, 65 (1893). Here, about twenty minutes passed from the time of the insult to the killing. Thus, it was not an abuse of discretion for the district court to refuse a voluntary manslaughter instruction.

4.      Burns's prosecution under the Indian Major Crimes Act did not violate the Fifth Amendment. Burns argues that he was singled out for prosecution because of his "Indian blood." The Indian Major Crimes Act authorizes federal prosecution of certain crimes committed by Indians in Indian country. 18 U.S.C. § 1153. To show Indian status in the Ninth Circuit, "the government must prove that the defendant (1) has some quantum of Indian blood and (2) is a member of, or is affiliated with, a federally recognized tribe." *United States v. Zepeda*, 792 F.3d

4

1103, 1106–07 (9th Cir. 2015) (en banc).  In *Zepeda*, we rejected an argument similar to the one Burns makes here, reasoning that the tribal affiliation requirement ensures that Indian status is not an impermissible racial classification. *Id.* at 1111.  Because the same reasoning controls here, Burns's prosecution did not violate the Fifth Amendment.

5.    The district court erred when the written judgment included eleven standard supervised release conditions that were not orally imposed by the court during Burns' sentencing.  As this court recently explained in *United States v. Montoya*, a defendant has the right to be present and to present his defense at all critical stages of the criminal proceeding.  *United States v. Montoya*, 82 F.4th 640, 646–47 (9th Cir. 2023).  Sentencing is a critical stage that requires the defendant's presence, so long as that presence would not be useless or "the benefit but a shadow."  *Id.* at 647 (quotation omitted).  Thus, the defendant is not required to be present for the imposition of *mandatory* conditions of supervised release because these conditions are required under 18 U.S.C. § 3585(d) and the defendant's argument cannot change the outcome.  *See id.* at 649–50.

When "a condition is discretionary, [however,] the district court must orally pronounce it in the presence of the defendant, without regard to how it is classified by the Guidelines."  *Montoya*, 82 F.4th at 651.  Because the standard conditions are discretionary and the district court did not orally pronounce them during

5

Burns's sentencing, or incorporate by reference conditions that were set forth in a presentence report, we hold that the district court erred. Though Burns argues that the written judgment should be amended to strike the eleven standard conditions that were not included in the court's oral imposition of his sentence, the proper remedy is a limited remand of the case to the district court. *See id.* at 656 ("In this case, the limited remand approach is appropriate."). Thus, the district court's imposition of the standard conditions of supervised release is vacated and this case is remanded to the district court for the purpose of reconsidering the supervised release conditions we vacated herein after providing Burns an opportunity to object.

To the extent that Burns challenges the content of any condition of supervised release that were orally imposed at sentencing, we affirm the district court. Though Burns argues the district court's order that Burns "participate in a mental health assessment and follow any directions by the probation officer or treatment provider" improperly delegated authority to the probation officer to order Burns to participate in treatment without further order of the court, the court's reference to a treatment provider and its requirement that Burns "contribute to the cost of treatment" means that the court implicitly ordered Burns to undergo both a mental health assessment and treatment. Therefore, the condition does not impermissibly delegate to the probation officer the determination whether to

participate in treatment. *See United States v. Stephens*, 424 F.3d 876, 880 (9th Cir. 2005). Finally, Burns argues the district court erred in ordering him to "take prescribed medication" without making findings that such medication is necessary and without an explicit finding that this condition "involves no greater deprivation of liberty than is reasonably necessary," as required by *United States v. Williams*, 356 F.3d 1045, 1057 (9th Cir. 2004). We held in *United States v. Cope*, 527 F.3d 944 (9th Cir. 2008), that where the district court does not make such findings, this condition must "be understood as limited to those medications that do not implicate a particularly significant liberty interest of the defendant."[4] *Id.* at 955. Thus, the district court did not err in stating the content of the conditions of supervised release.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

---

[4] This decision does not prejudice Burns's ability to challenge a medication he is prescribed while on supervised release that may implicate a significant liberty interest.